Only the defendant’s contention that he was improperly assessed 15 points under risk factor 11 for a history of drug and alcohol abuse on the ground that his more recent history was one of prolonged abstinence is preserved for appellate review (see People v Kyle, 64 AD3d 1177 [2009]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15 [2006]). The defendant’s remaining contentions regarding this risk factor are unpreserved for appellate review since he failed to raise those grounds before the Supreme Court. In any event, the defendant’s contentions are without merit.
The Supreme Court properly assessed 15 points under risk factor 14 for the defendant’s release into the community without supervision (see People v Orengo, 40 AD3d 609, 610 [2007]).
Correction Law § 168-n (3) requires a court making a risk level determination pursuant to the Sex Offender Registration Act (hereinafter SORA) to “render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based.” Here, the Supreme Court failed to adequately set forth findings of fact and conclu *836 sions of law to support its denial of the defendant’s request for a downward departure from his presumptive designation as a level three sex offender. However, remittal to the Supreme Court is not required, since the record is sufficient for this Court to make its own findings of fact and conclusions of law (see People v Watson, 95 AD3d 978 [2012]).
A downward departure from a sex offender’s presumptive risk level generally is only warranted where there exists a mitigating factor of a kind, or to a degree, that is not otherwise adequately taken into account by the SORA Guidelines (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]; People v Fernandez, 91 AD3d 737 [2012]). A defendant seeking a downward departure has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the SORA Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence (see People v Watson, 95 AD3d at 979). A court may choose to downwardly depart from the risk assessment “in an appropriate case and in those instances where (i) the victim’s lack of consent is due only to inability to consent by virtue of age and (ii) scoring 25 points [for sexual contact with the victim, risk factor 2] results in an over-assessment of the offender’s risk to public safety” (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 9 [2006]). Here, although there was no evidence of forcible compulsion, a downward departure is not warranted given the age disparity between the 26-year-old defendant and the 13-year-old complainant (see People v Wyatt, 89 AD3d 112, 130 [2011]; People v Modica, 80 AD3d 590, 592 [2011]; cf. People v Goossens, 75 AD3d 1171 [2010]; People v Brewer, 63 AD3d 1604 [2009]).
The defendant’s remaining contentions are unpreserved for appellate review and, in any event, without merit. Dillon, J.P., Chambers, Sgroi and Miller, JJ., concur.