THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEAN ANDERSON, Appellant. [27 NYS3d 616]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Gubbay, J.), dated September 19, 2014, which designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the defendant's contention, the assessment of 10 points under risk factor 13 ("Conduct while confined/supervised-Unsatisfactory") was supported by clear and convincing evidence. The defendant's unsatisfactory conduct during his incarceration was established by, inter alia, the case summary, which revealed that he committed two tier II disciplinary violations and a tier III disciplinary violation (see People v Williams, 102 AD3d 665 [2013]; People v Williams, 100 AD3d 610 [2012]).

A court may choose to downwardly depart from the presumptive risk level "in [the] appropriate case and in those instances where (i) the victim's lack of consent is due only to inability to consent by virtue of age and (ii) scoring 25 points [for sexual contact with the victim, risk factor 2] results in an over-assessment of the offender's risk to public safety" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 9 [2006]). Here, although the evidence indicates that the victim's lack of consent was due only to an inability to consent by virtue of her age, a downward departure is not warranted considering the age disparity between the then 25-year-old defendant and the then 14-year-old victim (see People v Fryer, 101 AD3d 835 [2012]; cf. People v Marsh, 116 AD3d 680 [2014]). Moreover, none of the other factors identified by the defendant, either singly or in combination with each other, showed that the presumptive risk level overassessed the risk and danger of reoffense (see People v Vegh, 134 AD3d 1084 [2015]; People v Torres, 124 AD3d 744, 746 [2015]; see also People v Gillotti, 23 NY3d 841 [2014]). Accordingly, the Supreme Court properly denied the defendant's request for a downward departure from his presumptive designation as a level two sex offender and designated him a level two sex offender. Leventhal, J.P., Sgroi, Hinds-Radix and Maltese, JJ., concur.