■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEAN PICARIELLO, Appellant. [43 NYS3d 467]—

Appeal by the defendant from an order of the Supreme Court, Westchester County (Cacace, J.), dated August 26, 2015, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

In establishing a defendant's risk level pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), "the People bear the burden of establishing, by clear and convincing evidence, the facts supporting the determinations sought" (*People v Eaton*, 105 AD3d 722, 723 [2013]; *see* Correction Law § 168-n [3]). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders (hereinafter the Board), or any other reliable source, including reliable hearsay" (*People v Crandall*, 90 AD3d 628, 629 [2011]).

SORA guidelines provide that under risk factor 1, "[p]hysical injury means 'impairment of physical condition or substantial pain' (Penal Law § 10.00 [9])" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 8 [2006]). Contrary to the defendant's contentions, the Supreme Court properly assessed 15 points against him under risk factor 1 for infliction of physical injury. The assessment of these points was supported by clear and convincing evidence in the record, including a medical evaluation of the victim which revealed tearing of her hymen and complaints of pain (*see People v Salas*, 104 AD3d 463, 464 [2013]; *People v Fisher*, 22 AD3d 358, 358 [2005]).

Under risk factor 7, "[t]he guidelines assess 20 points if the offender's crime . . . was directed at a stranger or a person with whom a relationship had been established or promoted for the primary purpose of victimization" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 12). The People demonstrated by clear and convincing evidence that the defendant's relationship with the complainant had been established or promoted for the primary purpose of victimization, and the Supreme Court properly assessed 20 points against the defendant under risk factor 7 (*see People v Uphael*, 140 AD3d 1143, 1144 [2016]; *People v Duart*, 84 AD3d 908, 908-909 [2011]; *People v Carlton*, 307 AD2d 763 [2003]).

In light of the foregoing, we need not reach the defendant's remaining contention. Rivera, J.P., Austin, Roman and Connolly, JJ., concur.