■ The People of the State of New York, Respondent, v Herbert Simmons, Appellant. [45 NYS3d 535]—

Appeal by the defendant from an order of the Supreme Court, Queens County (Lopez, J.), dated October 8, 2014, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the defendant's contention, the Supreme Court properly assessed points to the defendant based on his youth-

ful offender adjudication (*see People v Francis*, 137 AD3d 91, 97 [2016], *lv granted* 27 NY3d 908 [2016]). The Risk Assessment Guidelines developed by the Board of Examiners of Sex Offenders (hereinafter the Board) "expressly provide that youthful offender adjudications are to be treated as 'crimes' for purposes of assessing the defendant's likelihood of re-offending and danger to public safety" (*People v Moore*, 1 AD3d 421, 421 [2003]; *see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 6-7 [2006] [hereinafter SORA Guidelines]; *People v Francis*, 137 AD3d at 97).

The Supreme Court did not err in denying the defendant's request for a downward departure to risk level two. A downward departure from a sex offender's presumptive risk level generally is warranted only where "there exists . . . [a] mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account" by the SORA Guidelines (SORA Guidelines at 4; *see People v Gillotti*, 23 NY3d 841, 861 [2014]; *People v Fryer*, 101 AD3d 835, 836 [2012]). A defendant seeking a downward departure has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the SORA Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (*People v Fryer*, 101 AD3d at 836; *see People v Watson*, 95 AD3d 978, 979 [2012]). Here, the defendant failed to identify any mitigating factor that was not adequately taken into account by the SORA Guidelines (*see People v Game*, 131 AD3d 460, 461 [2015]; *People v Coleman*, 122 AD3d 599, 600 [2014]; *People v Wyatt*, 89 AD3d 112, 131 [2011]).

The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit (*see People v Fryer*, 101 AD3d at 835).

Accordingly, the Supreme Court properly designated the defendant a level three sex offender. Austin, J.P., Cohen, Maltese and Duffy, JJ., concur.