■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL QUIRINDONGO, Appellant. [57 NYS3d 902]—

Appeal by the defendant from an order of the County Court, Orange County (De Rosa, J.), dated April 8, 2016, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The defendant appeals from his designation as a level three sex offender pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.* [hereinafter SORA]), contending that the County Court should have granted his application for a downward departure from his presumptive risk level.

A defendant seeking a downward departure from a presumptive risk level must identify mitigating circumstances that are of a kind, or to a degree, not adequately taken into account by the SORA guidelines (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter SORA Guidelines]), and must prove the existence of those circumstances by a preponderance of the evidence (*see People v Gillotti*, 23 NY3d 841, 861-864 [2014]). "The Board [of Examiners of Sex Offenders] or a court may choose to depart downward in an appropriate case and in those instances where (i) the victim's lack of consent is due only to inability to consent by virtue of age and (ii) scoring 25 points in this category results in an over-assessment of the offender's risk to public safety" (SORA Guidelines at 9; *see People v Anderson*, 137 AD3d 988, 988 [2016]).

Here, while the record indicates that the victim's lack of consent was due only to an inability to consent by virtue of her age, a downward departure is not warranted considering,

among other things, the age disparity between the then 31-year-old defendant and the then 16-year-old victim (*see People v Anderson*, 137 AD3d at 988; *People v Fryer*, 101 AD3d 835, 836 [2012]; *People v Wyatt*, 89 AD3d 112, 130 [2011]; *People v Herron*, 59 AD3d 414, 414 [2009]; *cf. People v Marsh*, 116 AD3d 680, 682-683 [2014]). The defendant failed to establish that the presumptive risk level overassessed his risk and danger of reoffense (*see People v Wyatt*, 89 AD3d at 130). Accordingly, the County Court properly denied the defendant's request for a downward departure and designated him a level three sex offender. Dillon, J.P., Roman, Miller and LaSalle, JJ., concur.