People v Bower (2018 NY Slip Op 00321)





People v Bower


2018 NY Slip Op 00321


Decided on January 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2014-04658

[*1]People of State of New York, respondent, 
v
Ronald Bower, appellant.


N. Scott Banks, Hempstead, NY (Jeremy L. Goldberg and Dori Cohen of counsel), for appellant.
Madeline Singas, District Attorney, Mineola, NY (Tammy J. Smiley and Jason R. Richards of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Nassau County (Teresa K. Corrigan, J.), dated April 2, 2014, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the County Court assessed the defendant 10 points under risk factor 12 (acceptance of responsibility) and 10 points under risk factor 13 (conduct while confined). The assessment of these points was proper, as it was supported by clear and convincing evidence in the record, including evidence that the defendant still maintained his innocence of the crimes for which he was convicted after more than 20 years of incarceration, and evidence that he committed three tier II disciplinary violations and one tier III disciplinary violation while incarcerated (see People v Anderson, 137 AD3d 988; People v Mosley, 106 AD3d 1067, 1068; People v Lewis, 37 AD3d 689, 690).
The County Court properly denied the defendant's application for a downward departure from his presumptive risk level designation. A downward departure from a sex offender's presumptive risk level generally is warranted only where there exists a mitigating factor of a kind or to a degree not otherwise adequately taken into account by the Sex Offender Registration Act: Risk Assessment Guidelines and Commentary (2006) (hereinafter SORA Guidelines) (see People v Fryer, 101 AD3d 835, 836). A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861). If the defendant "surmounts the first two steps, the law permits a departure, but the court still has discretion to refuse to depart or to grant a departure" (People v Gillotti, 23 NY3d at 861; see People v Wyatt, 89 AD3d at 128). Here, the defendant failed to establish, by a preponderance of the evidence, the existence of such a mitigating factor (see SORA Guidelines at 4; People v Moultrie, 147 AD3d 800, 801; People v Simmons, 146 AD3d 912, 913).
The defendant's remaining contentions are without merit.
Accordingly, the County Court properly designated the defendant a level three sex offender.
RIVERA, J.P., COHEN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court