People v Smith (2018 NY Slip Op 01207)





People v Smith


2018 NY Slip Op 01207


Decided on February 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
L. PRISCILLA HALL
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2015-03343

[*1]People of State of New York, respondent,
v
Jimmy Smith, appellant.


Seymour W. James, Jr., New York, NY (Lorraine Maddalo of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Anthea H. Bruffee of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Michael J. Brennan, J.), dated March 25, 2015, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant appeals from his designation as a level three sex offender pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA).
Contrary to the defendant's contention, the Supreme Court properly assessed points under risk factor 9 of the risk assessment instrument (hereinafter the RAI) based on the defendant's prior youthful offender adjudication (see People v Simmons, 146 AD3d 912, 912-913; People v Francis, 137 AD3d 91, 92, affd ___NY3d___, 2018 NY Slip Op 01017 [2018]; People v Rodriguez, 136 AD3d 880). The court also properly assessed 20 points under risk factor 7 of the RAI, as the People demonstrated by clear and convincing evidence that the defendant's relationship with the complainant had been established or promoted for the primary purpose of victimization (see People v Picariello, 145 AD3d 804, 805; People v Dilillo, 143 AD3d 960, 960-961; People v Uphael, 140 AD3d 1143, 1144).
Finally, the Supreme Court properly denied the defendant's application for a downward departure from his presumptive risk level designation, as he failed to identify any mitigating circumstances that are of a kind or to a degree not adequately taken into account by the SORA Guidelines (see SORA: Risk Assessment Guidelines and Commentary [2006]; People v Gillotti, 23 NY3d 841, 861; People v Robinson, 145 AD3d 805, 806; People v Figueroa, 138 AD3d 708, 709).
RIVERA, J.P., HALL, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court