People v Hernandez (2018 NY Slip Op 05503)





People v Hernandez


2018 NY Slip Op 05503


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SANDRA L. SGROI
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2017-08253

[*1]People of State of New York, respondent,
v
Juan Hernandez, appellant.


Clare J. Degnan, White Plains, NY (Salvatore A. Gaetani of counsel), for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Jennifer Spencer and William Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Westchester County (Susan Cacace, J.), dated June 13, 2017, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of course of sexual conduct against a child in the first degree (two counts). In this proceeding pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the defendant challenges his designation as a level three sex offender.
In establishing a defendant's risk level under SORA, the People have the burden of proving the facts supporting the determination sought by clear and convincing evidence (see Correction Law § 168-n[3]). In determining the appropriate risk level, the court is not limited to the crime of conviction or what would be admissible at a civil or criminal trial (see People v Mingo, 12 NY3d 563, 572; Board of Examiners of Sex Offenders, Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, General Principles ¶ 7, at 5 [2006] [hereinafter SORA Guidelines]). "[T]he court shall review any victim's statement and any relevant materials and evidence submitted," including "reliable hearsay evidence submitted by either party" (Correction Law § 168-n[3]). Such evidence may include the defendant's admissions, evaluative reports completed by the supervising probation officer, and case summaries prepared by the Board of Examiners of Sex Offenders (see People v Mingo, 12 NY3d at 572; People v Crandall, 90 AD3d 628, 629).
We agree with the Supreme Court's assessment of 15 points against the defendant under risk factor 1 for infliction of physical injury (see SORA Guidelines at 7-8). The assessment of these points was supported by clear and convincing evidence in the record, including medical evaluations of both victims which revealed that each suffered tearing of the hymen which resulted in scarring (see People v Picariello, 145 AD3d 804, 805; People v Fisher, 22 AD3d 358; cf. People v Tejeda, 78 NY2d 936; People v McGiboney, 62 AD3d 812; People v Williams, 23 AD3d 589, 590; People v Santos, 286 AD2d 449, 450; People v Rivera, 183 AD2d 792).
We also agree with the Supreme Court's assessment of 30 points against the [*2]defendant under risk factor 5, based on the age of his victim being 10 years or younger (see SORA Guidelines at 11). The case summary, presentence investigation report, and medical evaluations each indicated that one of the victims reported that the sexual abuse of her began when she was 9 years old and the other victim reported that the sexual abuse of her began when she was 10 years old. This was corroborated by the defendant's own statements to law enforcement officials. Accordingly, the People presented clear and convincing evidence that the defendant victimized a child 10 years old or younger (see generally People v Thompson, 111 AD3d 613; People v Hines, 24 AD3d 524, 525).
DILLON, J.P., SGROI, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court