People v Dadd (2019 NY Slip Op 01802)





People v Dadd


2019 NY Slip Op 01802


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
BETSY BARROS, JJ.


2010-05880

[*1]People of State of New York, respondent,
v
Vain Dadd, appellant.


Paul Skip Laisure, New York, NY (Kathleen Whooley of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Joyce Adolfsen of counsel; Kaley Hanenkrat on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Deborah Dowling, J.), dated June 11, 2010, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The Supreme Court did not improvidently exercise its discretion in rejecting the defendant's request for a downward departure from the presumptive risk level even though the Board of Examiners of Sex Offenders (hereinafter the Board) recommended a downward departure. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [Sex Offender Registration Act] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
The defendant argues that the victim's lack of consent was due only to an inability to consent by virtue of her age. "The Board or a court may choose to depart downward in an appropriate case and in those instances where (i) the victim's lack of consent is due only to inability to consent by virtue of age and (ii) scoring 25 points [under risk factor 2 of the risk assessment instrument] results in an over-assessment of the offender's risk to public safety" (Guidelines at 9; see People v Garner, 163 AD3d 1009, 1009; People v Anderson, 137 AD3d 988, 988). Here, a downward departure is not warranted on this ground considering, among other things, the age disparity between the then 23-year-old defendant and the then 13-year-old victim (see People v Garner, 163 AD3d at 1009-1010; People v Quirindongo, 153 AD3d 863, 863-864; People v Anderson, 137 AD3d at 988; People v Fryer, 101 AD3d 835, 836). Moreover, subtracting the 25 points assessed under risk factor 2 of the risk assessment instrument still results in an overall score within the range of a presumptive risk level three offender.
While a defendant's response to treatment may qualify as a ground for a downward departure where the response is exceptional, here, the defendant failed to establish by a preponderance of the evidence that his response to treatment was exceptional (see People v Velasquez, 145 AD3d 924, 924; People v Washington, 84 AD3d 910, 910-911). The other factors identified by the defendant either were adequately taken into account by the Guidelines or did not warrant departure from the presumptive risk level.
Accordingly, we agree with the Supreme Court's determination denying the defendant's request for a downward departure from the presumptive risk level and designating him a level three sex offender.
BALKIN, J.P., CHAMBERS, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court