People v Correa (2020 NY Slip Op 50840(U))

[*1]

People v Correa (Marcos)

2020 NY Slip Op 50840(U) [68 Misc 3d 126(A)]

Decided on July 10, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 10, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DAVID ELLIOT, JJ

2013-1056 Q C

The People of the State of New York,
Respondent, 
against
Marcos Correa, Appellant. 

New York City Legal Aid Society (Adrienne Gantt of counsel), for appellant.
Queens County District Attorney (William H. Branigan of counsel), for respondent.

Appeal from an order of the Criminal Court of the City of New York, Queens County (Elisa
S. Koenderman, J.), entered April 8, 2013. The order, after a hearing, designated defendant a
level two sex offender pursuant to Correction Law article 6-C.

ORDERED that the order is affirmed, without costs.
Defendant appeals from an order designating him a level two sex offender pursuant to the
Sex Offender Registration Act (Correction Law § 168 et seq.), contending that the
Criminal Court should have granted his application for a downward departure from his
presumptive risk level.
A defendant seeking a downward departure from a presumptive risk level must identify
mitigating circumstances that are of a kind, or to a degree, not adequately taken into account by
the SORA guidelines (Sex Offender Registration Act: Risk Assessment Guidelines and
Commentary at 4 [2006] [SORA Guidelines]), and must prove the existence of those
circumstances by a preponderance of the evidence (see People v Gillotti, 23 NY3d 841,
861-864 [2014]). "The Board [of Examiners of Sex Offenders] or a court may choose to depart
downward in an appropriate case and in those instances where (i) the victim's lack of consent is
due only to inability to consent by virtue of age and (ii) scoring 25 points in this category results
in an over-assessment of the offender's risk to public safety" (SORA Guidelines at 9; see
People v Anderson, 137 AD3d 988, 988 [2016]). A downward departure is not warranted
here given the [*2]totality of the circumstances surrounding the
incident, including, but not limited to, the age disparity between the then 28-year-old defendant
and the then 14-year-old victim (see People v Garner, 163 AD3d 1009 [2018]; People
v Quirindongo, 153 AD3d 863 [2017]; People v Fryer, 101 AD3d 835, 836 [2012];
People v Wyatt, 89 AD3d 112, 130 [2011]).
Additionally, the mitigating circumstances identified by defendant, that there was only one
victim, that his prior criminal history did not involve violent behavior and that his time in jail
was satisfactory, were adequately taken into account by the SORA Guidelines and, thus, a
departure from the presumptive risk level is not warranted (see People v Garner, 163
AD3d at 1010).
Accordingly, the order designating defendant a level two sex offender is affirmed.
ALIOTTA, P.J., WESTON and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 10, 2020