People v Zamora (2020 NY Slip Op 04798)





People v Zamora


2020 NY Slip Op 04798


Decided on August 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2018-14690

[*1]People of State of New York, respondent,
v
Henry Zamora, appellant.


Laurette D. Mulry, Riverhead, NY (Amanda E. Schaefer of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Michael J. Brennan and Thomas C. Costello of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Barbara Kahn, J.), dated November 28, 2018, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the County Court assessed the defendant 75 points, within the range for a presumptive designation as a level two sex offender. The court denied the defendant's request for a downward departure from his presumptive risk level, and designated him a level two sex offender. The defendant appeals.
Contrary to the defendant's contention, the County Court's findings of fact were sufficient to permit intelligent appellate review (see People v Roberts, 54 AD3d 1106; People v Joslyn, 27 AD3d 1033, 1035).
A defendant seeking a downward departure from a presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
We agree with the County Court's denial of the defendant's application for a downward departure from his presumptive risk level. The defendant failed to adduce sufficient evidence to demonstrate an "exceptional" response to sex offender treatment while confined. The only evidence that defense counsel relied upon was the defendant's letter to the court dated October [*2]13, 2018, in which the defendant merely noted that he "completed [his] obligatory correctional programs, [worked] in the correctional facility mess hall, [exhibited] good behavior with others and showed the correctional facility that [he was] a good person." No further evidence, such as testimony or documentary proof, was provided. The defendant's completion of sex offender treatment was not sufficient for a downward departure, in the absence of evidence of an exceptional response to sex offender treatment (see People v Artis, 162 AD3d 1081). The absence of a disciplinary record while in prison was taken into account, when the Board of Examiners for Sex Offenders did not assess the defendant additional points for conduct while confined (see People v Santos, 174 AD3d 658).
Accordingly, we agree with the County Court's determination designating the defendant a level two sex offender.
RIVERA, J.P., AUSTIN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court