People v Rause (2020 NY Slip Op 06300)





People v Rause


2020 NY Slip Op 06300


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-14692

[*1]People of State of New York, respondent,
v
Paul Rause, appellant.


Laurette D. Mulry, Riverhead, NY (Amanda E. Schaefer of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Edward A. Bannan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Barbara Kahn, J.), dated November 20, 2018, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the defendant was designated a level three sex offender based upon the assessment of a total of 145 points on the risk assessment instrument. On appeal, the defendant challenges the assessment of points under risk factor 11 and argues that the County Court erred in denying his request for a downward departure.
We agree with the County Court's assessment of points under risk factor 11. The court properly assessed the defendant 15 points under that risk factor, as the People established, by clear and convincing evidence, that the defendant had a history of substance abuse (see People v Delancey, 178 AD3d 969, 970; People v Perry, 165 AD3d 990, 991).
Contrary to the defendant's contention, he failed to establish his entitlement to a downward departure from the presumptive risk level (see People v Mota, 165 AD3d 988, 988-989; People v Santogual, 157 AD3d 737, 738; People v Fryer, 101 AD3d 835, 836).
Accordingly, we agree with the County Court's determination designating the defendant a level three sex offender.
DILLON, J.P., MALTESE, BARROS and CONNOLLY, JJ., concur.

2018-14692 DECISION & ORDER ON MOTION
People of State of New York, respondent,
v Paul Rause, appellant.

Motion by the appellant to strike stated portions of the respondent's brief on an appeal from an order of the County Court, Suffolk County, dated November 20, 2018, on the ground that they contain or refer to matter dehors the record. By decision and order on motion of this Court dated March 18, 2020, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the motion is granted, and the following portion of the respondent's brief is stricken and has not been considered in the determination of the appeal: second full sentence on page 12 beginning with the words "'By defendant's own admissions.'"
DILLON, J.P., MALTESE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court