People v Lopez (2021 NY Slip Op 50300(U))

[*1]

People v Lopez (Ommar)

2021 NY Slip Op 50300(U) [71 Misc 3d 130(A)]

Decided on April 9, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 9, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DAVID ELLIOT, JJ

2019-868 Q C

The People of the State of New York,
Respondent,
against
Ommar Benitez Lopez, Appellant. 

New York City Legal Aid Society (Svetlana M. Kornfeind of counsel), for appellant.
Queens County District Attorney (Johnnette Traill and William H. Branigan of counsel), for
respondent.

Appeal from an order of the Criminal Court of the City of New York, Queens County
(Suzanne J. Melendez, J.), entered March 29, 2019. The order, after a hearing, designated
defendant a level two sex offender pursuant to Correction Law article 6-C.

ORDERED that the order is affirmed, without costs.
Defendant appeals from an order designating him, after a hearing, a level two sex offender
pursuant to the Sex Offender Registration Act (SORA) (Correction Law § 168 et
seq.), contending that the Criminal Court should have granted his application for a
downward departure from his presumptive risk level. Although, in rendering its order, the
Criminal Court did not set forth in writing its "findings of fact and conclusions of law on which
[its] determinations [were] based" (Correction Law § 168-n [3]), remittal is not required, as
the record is sufficient for this court on appeal to make its own findings of fact and conclusions
of law (see People v Finizio, 100 AD3d 977 [2012]; People v Harris, 93 AD3d
704 [2012]).
A defendant seeking a downward departure from a presumptive risk level must identify
mitigating circumstances that are of a kind, or to a degree, not adequately taken into account by
the SORA Guidelines (see Sex Offender Registration Act: Risk Assessment Guidelines
and Commentary at 4 [2006] [SORA Guidelines]), and must prove the existence of those
circumstances by a preponderance of the evidence (see People v Gillotti, 23 NY3d 841,
861-864 [*2][2014]). "The Board [of Examiners of Sex
Offenders] or a court may choose to depart downward in an appropriate case and in those
instances where (i) the victim's lack of consent is due only to inability to consent by virtue of age
and (ii) scoring 25 points in this category results in an over-assessment of the offender's risk to
public safety" (SORA Guidelines at 9; see People v Anderson, 137 AD3d 988, 988
[2016]). 
A downward departure is not warranted here given defendant's failure to meet his initial
burden of identifying mitigating circumstances that are of a kind, or to a degree, not adequately
taken into account by the SORA Guidelines. The mitigating circumstances identified by
defendant, that there was only one victim, the inability of the victim to consent due to her age and
that this was his only sexual offense, are adequately taken into account by the Guidelines under
risk factors three (number of victims), five (age of victim) and nine (number and nature of prior
crimes), and, thus, do not warrant a departure from the presumptive risk level under the
circumstances (see People v Garner, 163 AD3d 1009, 1010 [2018]). Moreover, a
downward departure is not warranted based on the totality of the circumstances surrounding the
incident, including, but not limited to, the age disparity between the then 42-year-old defendant
and the then 15-year-old victim (see People v Garner, 163 AD3d 1009; People v
Quirindongo, 153 AD3d 863 [2017]; People v Fryer, 101 AD3d 835, 836
[2012]).
We find defendant's remaining contention, that the Criminal Court applied the wrong
standard of proof in denying his application for a downward departure, to be without merit.
Accordingly, the order designating defendant a level two sex offender is affirmed.
ALIOTTA, P.J., WESTON and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 9, 2021