People v Blount (2021 NY Slip Op 04040)





People v Blount


2021 NY Slip Op 04040


Decided on June 23, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-02991

[*1]The People of the State of New York, respondent,
v
Michael Blount, appellant.


Paul Skip Laisure, New York, NY (Nao Terai of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy James Mangano, Jr., J.), dated August 1, 2018, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
According to a case summary prepared by the Board of Examiners of Sex Offenders, in June 2013, the then 18-year-old defendant acted in concert with three others and "took turns engaging in sexual intercourse, and anal and oral sexual conduct" with the then 12-year-old victim. Thereafter, the defendant pleaded guilty to two counts of rape in the first degree and four counts of criminal sexual act in the first degree. On August 1, 2018, the Supreme Court conducted a risk level determination hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA). The defendant's point total on the risk assessment instrument was in the range for a presumptive designation as a level three sex offender. The defendant sought a downward departure from the presumptive risk level, and the court denied the defendant's application. The defendant appeals.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
A downward departure may be warranted where the victim's lack of consent is due only to inability to consent by virtue of age, and scoring 25 points under risk factor 2, for sexual [*2]contact with the victim, results in an overassessment (see Guidelines at 9; People v Fisher, 177 AD3d 615; People v Walker, 146 AD3d 824). Here, considering the particular circumstances of the defendant's sexual conduct toward the victim, the defendant failed to demonstrate that the victim's lack of consent was due only to her inability to consent by virtue of her age. Moreover, a downward departure is not warranted on this ground considering the age disparity between the then 18-year-old defendant and the then 12-year-old victim (see People v Garner, 163 AD3d 1009; People v Quirindongo, 153 AD3d 863; People v Anderson, 137 AD3d 988; People v Fryer, 101 AD3d 835).
The other factors identified by the defendant were either adequately taken into account by the Guidelines or do not warrant departure from the presumptive risk level.
Accordingly, the Supreme Court properly designated the defendant a level three sex offender.
DILLON, J.P., AUSTIN, BARROS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court