People v Watts (2024 NY Slip Op 01209)

People v Watts

2024 NY Slip Op 01209

Decided on March 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
LARA J. GENOVESI
CARL J. LANDICINO, JJ.

2020-06385

[*1]The People of the State of New York, respondent,
v
Simon A. Watts, appellant. Twyla Carter, New York, NY (Svetlana M. Kornfeind of counsel), for appellant.

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Ellen C. Abbot of counsel; McKenzie M. Franck on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Michael Aloise, J.), dated April 30, 2020, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 110 points on the risk assessment instrument, denied his request for a downward departure from his presumptive risk level, and designated him a level three sex offender. The defendant appeals.
"In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing facts supporting the determination sought by clear and convincing evidence" (People v Levy, 192 AD3d 928, 929, citing Correction Law § 168-n[3]; People v Guadeloupe, 173 AD3d 910, 911). "'In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . , or any other reliable source, including reliable hearsay'" (People v Vasquez, 189 AD3d 1480, 1481, quoting People v Luna, 187 AD3d 805, 806 [internal quotation marks omitted]).
Contrary to the defendant's contention, the Supreme Court properly assessed 10 points under risk factor 2 (sexual contact with victim) for contact under clothing. The assessment of these points was supported by clear and convincing evidence in the record (see People v Strong, 196 AD3d 707; People v Torres-Ordonez, 175 AD3d 595).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). "If the defendant makes that twofold showing, the court must exercise its discretion [*2]by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Alvarado, 173 AD3d 909, 910; see People v Gillotti, 23 NY3d at 861; People v Felton, 175 AD3d 734, 735; People v Champagne, 140 AD3d 719, 720).
Here, the defendant failed to establish by a preponderance of the evidence that a downward departure was warranted. The absence of a disciplinary record while in prison was adequately taken into account by the Guidelines, since he was not assessed additional points for conduct while confined (see People v Gillotti, 23 NY3d at 861; People v Zamora, 186 AD3d 885; People v Santos, 174 AD3d 658, 659).
Accordingly, the Supreme Court properly denied the defendant's application for a downward departure and designated him a level three sex offender.
LASALLE, P.J., CONNOLLY, GENOVESI and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court