People v Hernandez (2024 NY Slip Op 01734)

People v Hernandez

2024 NY Slip Op 01734

Decided on March 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
LILLIAN WAN, JJ.

2014-09977

[*1]The People of the State of New York, respondent,
v
Pedro Hernandez, appellant. 

Twyla Carter, New York, NY (Natalie Rea of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Michael Tadros of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Elisa S. Koenderman, J.), dated August 25, 2014, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of rape in the first degree (Penal Law § 130.35[3]). After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant a total of 75 points, which corresponded with a designation as a presumptive level two sex offender. The court denied the defendant's application for a downward departure from the presumptive risk level and designated him a level two sex offender. The defendant appeals.
"An offender seeking a downward departure from the presumptive risk level has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is not otherwise taken into account by the Guidelines, and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Curry, 158 AD3d 52, 58; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; People v Gillotti, 23 NY3d 841, 861). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Bigelow, 175 AD3d 1443, 1444; see People v Gillotti, 23 NY3d at 861).
Here, the defendant failed to establish by a preponderance of the evidence that a downward departure was warranted. The defendant's disciplinary record while incarcerated was adequately taken into account by the Guidelines, since he was not assessed additional points for conduct while confined (see People v Pareja-Hidalgo, 222 AD3d 892; People v Infantino, 215 AD3d 768, 771; People v Zamora, 186 AD3d 885).
The defendant's remaining contentions that he is entitled to a downward departure based upon his age and the intrafamilial nature of the crime are unpreserved for appellate review, [*2]as he failed to raise those factors at the SORA hearing (see People v Howard, 190 AD3d 773, 775; People v Wilcox, 178 AD3d 1107, 1109). In any event, these contentions are without merit.
Accordingly, the Supreme Court properly denied the defendant's application for a downward departure and designated him a level two sex offender.
IANNACCI, J.P., CHAMBERS, WOOTEN and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court