People v Pipkin (2024 NY Slip Op 04272)

People v Pipkin

2024 NY Slip Op 04272

Decided on August 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
HELEN VOUTSINAS, JJ.

2022-07596

[*1]The People of the State of New York, respondent,
v
Derrick Pipkin, appellant. 

Margaret M. Walker, Poughkeepsie, NY (Seth J. Gallagher of counsel), for appellant.
Anthony P. Parisi, District Attorney, Poughkeepsie, NY (Amie M. Johnson of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Dutchess County (Jessica Segal, J.), dated July 21, 2022, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 2018, the defendant was granted a "deferred adjudication" of guilt in Texas with respect to a charge of sexual assault of a child (see Tex Penal Code Ann § 22.011[a][2]), a felony for which he was required to register as a sex offender in Texas. In 2021, the defendant moved to New York and was permitted to transfer his probation supervision to the Dutchess County Probation Department. As such, the defendant became subject to registration as a sex offender in New York pursuant to Correction Law § 168-k(2).
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the County Court, after a hearing, assessed the defendant 85 points on the risk assessment instrument. The court denied the defendant's application for a downward departure from his presumptive risk level and designated him a level two sex offender. On appeal, the defendant challenges the denial of his application for a downward departure.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Anthony, 40 NY3d 976, 978; People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Anthony, 40 NY3d at 978; People v Gillotti, 23 NY3d at 861; People v Flores-Hernandez, 219 AD3d 1533, 1534).
The defendant failed to demonstrate that a downward departure was warranted. [*2]Although a court may choose to depart downward from the presumptive risk level "in an appropriate case and in those instances where (i) the victim's lack of consent is due only to inability to consent by virtue of age and (ii) scoring 25 points in this category results in an over-assessment of the offender's risk to public safety" (People v Quirindongo, 153 AD3d 863, 863 [internal quotation marks omitted]; see People v Anderson, 137 AD3d 988, 988), here, a downward departure is not warranted considering, among other things, the more than 27-year age disparity between the defendant and the victim, who was less than 17 years old at the time of the subject offense (see People v Zubradt, 224 AD3d 856, 857; People v Saul, 220 AD3d 892, 894).
Moreover, although an offender's response to treatment, if exceptional, may qualify as a mitigating factor that warrants a downward departure (see People v Pena, 217 AD3d 693; People v Payne, 216 AD3d 1187), the defendant failed to establish the facts in support of that ground by a preponderance of the evidence (see People v Morales, 223 AD3d 850, 851; People v Peaks, 207 AD3d 482, 483).
Furthermore, the alleged additional mitigating factors identified by the defendant either were adequately taken into account by the Guidelines (see People v Gillotti, 23 NY3d at 861; People v Zamora, 186 AD3d 885; People v Boutin, 172 AD3d 1253, 1254-1255) or did not warrant a downward departure (see People v Saintilus, 169 AD3d 838, 839).
The defendant's remaining contention is without merit.
Accordingly, the County Court properly denied the defendant's application for a downward departure and designated him a level two sex offender.
CONNOLLY, J.P., MILLER, WARHIT and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court