People v Contreras (2024 NY Slip Op 06221)

People v Contreras

2024 NY Slip Op 06221

Decided on December 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
LILLIAN WAN
CARL J. LANDICINO, JJ.

2022-01282

[*1]The People of the State of New York, respondent,
v
Angel Roa Contreras, appellant.

Twyla Carter, New York, NY (Lorraine Maddalo of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Thomas B. Litsky and James Joseph Gandia of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Richmond County (Alexander Jeong, J.), dated January 21, 2022, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court assessed the defendant 85 points on the risk assessment instrument, denied his request for a downward departure from his presumptive risk level, and designated him a level two sex offender. The defendant challenges the denial of his request for a downward departure.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; People v Gillotti, 23 NY3d 841, 861). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Alvarado, 173 AD3d 909, 910; see People v Gillotti, 23 NY3d at 861; People v Felton, 175 AD3d 734, 735; People v Champagne, 140 AD3d 719, 720).
Here, the alleged mitigating factors identified by the defendant, including his lack of a disciplinary record while in prison and successful completion of sex offender treatment, either were adequately taken into account by the Guidelines (see Guidelines at 16-17; People v Zamora, 186 AD3d 885; People v Alexander, 144 AD3d 1008) or did not warrant a downward departure (see People v Coleman, 225 AD3d 792, 794; People v Smith, 194 AD3d 767, 768). Accordingly, the Supreme Court properly designated the defendant a level two sex offender.
IANNACCI, J.P., GENOVESI, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court