■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DELROY JOE, Appellant. [902 NYS2d 61]—

Order, Supreme Court, New York County (Carol Berkman, J.), entered on or about July 9, 2009, which adjudicated defendant a level three sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

Defense counsel did not render ineffective assistance by failing to object to a point assessment based on the age of a victim. Counsel could reasonably have found it pointless to demand proof that one of defendant's victims was under 17, since the People would have simply produced grand jury minutes establishing that fact. For the same reason, counsel's failure to challenge this assessment could not have prejudiced defendant.

The court properly exercised its discretion in declining to grant a downward departure from defendant's presumptive risk level (*see People v Mingo*, 12 NY3d 563, 568 n 2 [2009]; *People v Johnson*, 11 NY3d 416, 421 [2008]). The court was familiar with the seriousness of the underlying sex crime, as well as defendant's criminal record.

Defendant's claim that his assessment under the release

without supervision category should have been five rather than 15 points is improperly raised for the first time on appeal (*see People v Mantilla*, 70 AD3d 477 [2010]). In any event, acceptance of this argument would lower defendant's point score to 120, which is still above the threshold for a level three adjudication, and such a reduction would not affect our determination that a downward departure is unwarranted. Concur—Gonzalez, P.J., Sweeny, Acosta, Renwick and Román, JJ.