■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH RAMSEY, Appellant. [998 NYS2d 384]—Order, Supreme Court, New York County (Bonnie G. Wittner, J.), entered on or about October 1, 2012, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

The court properly assessed points under the risk factor for relationship with the victim. Defendant and the victim were strangers at the time of the sex crime, because their very limited interactions did not rise to the level of an acquaintanceship under the guidelines (*see People v Tejada*, 51 AD3d 472 [2008]). In any event, even if a minimal relationship was established, this was for the primary purpose of victimization, which was an alternative basis for the assessment (*see id.*). Regardless of the victim's actions on the Internet, it was defendant and not the victim who initiated actual personal contact, and defendant did so for the purpose of victimization.

The court properly exercised its discretion when it declined to grant a downward departure (*see People v Gillotti*, 23 NY3d 841 [2014]). There were no mitigating factors that were not adequately taken into account by the guidelines, and the record does not establish any basis for a downward departure. Concur—Mazzarelli, J.P., Sweeny, Andrias, Moskowitz and Richter, JJ.