People v Burrowes (2019 NY Slip Op 08587)





People v Burrowes


2019 NY Slip Op 08587


Decided on November 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-05804

[*1]People of State of New York, respondent,
v
Rashidi Burrowes, appellant.


Paul Skip Laisure, New York, NY (Michael Arthus of counsel; Ryan Miller on the brief), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Danny K. Chun, J.), dated February 1, 2018, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 2017, the defendant was convicted, upon his plea of guilty, of rape in the third degree and promoting prostitution in the third degree. The Board of Examiners of Sex Offenders (hereinafter the Board) assessed the defendant a total of 155 points, which, if accepted by the court, would make him a presumptive level three sex offender. Following a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant a total of 135 points, and denied the defendant's request for downward departure from the presumptive risk level, designating him a level three sex offender. On this appeal, the defendant contests the assessment of points under risk factors 1 and 7, and contends that, in any event, the court improvidently exercised its discretion in denying his request for a downward departure.
We agree with the Supreme Court's determination that clear and convincing evidence supported the assessment of points under risk factor 1 (use of violence, armed with a dangerous instrument). Through the victims' sworn grand jury testimony, the People established that the defendant pointed a gun at the head of a 14-year-old victim and told her that she would die unless she agreed to perform at a strip club or have sex for money. Contrary to the defendant's contention, the court was not limited solely to consideration of the crimes of which the defendant was convicted in assessing points (see SORA: Risk Assessment Guidelines and Commentary at 5 [2006] [hereinafter Guidelines]; People v Sincerbeaux, 27 NY3d 683, 687-688; People v Fowara, 128 AD3d 932, 933). In any event, we agree with the court's determination that the gun was displayed in furtherance of the defendant's crime of promoting prostitution in the third degree.
We agree with the Supreme Court's determination that clear and convincing evidence supported the assessment of points under risk factor 7 (relationship with victim, established for purpose of victimization). The defendant, aged 22, met the victims online, knew that the victims were aged 14 and 16, and initiated actual personal contact with them by, along with a codefendant, picking them up at their homes and transporting them to Brooklyn. On the same early morning that they brought the victims to Brooklyn, the defendant and the codefendant gave the victims alcohol and marijuana, pointed a gun at the 14-year-old victim and told her that she would die unless she performed at a strip club or had sex for money. The defendant and the codefendant then gave the victims bikinis and brought them to a strip club where they gave patrons lap dances. Given these circumstances, the court properly inferred that the defendant's online relationship with the victims was established for the purpose of victimizing them (see People v Krahmalni, 170 AD3d 444; People v Ramsey, 124 AD3d 472; People v Grassi, 123 AD3d 602; People v Duart, 84 AD3d 908, 909).
We agree with the Supreme Court's determination denying the defendant's application for a downward departure. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Guidelines at 4). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
"[T]he defendant failed to demonstrate how having support from . . . his family established a lower likelihood of reoffense or danger to the community," and thus failed to establish that this was a mitigating circumstance not adequately taken into account by the Guidelines (People v Saintilus, 169 AD3d 838, 839). Further, although "a defendant's response to treatment may qualify as a ground for a downward departure where the response is exceptional," here, the defendant failed to show by a preponderance of the evidence that his response to treatment was exceptional (People v McClendon, 175 AD3d 1329, 1331 [internal quotation marks omitted]; People v Figueroa, 138 AD3d 708, 709). The remaining mitigating circumstances cited by the defendant in support of his application were adequately taken into account under the Guidelines (see People v Gillotti, 23 NY3d at 861; People v Santiago, 137 AD3d 762, 764; see Guidelines at 12-15), or did not warrant a downward departure from the presumptive risk level.
Accordingly, we agree with the Supreme Court's designation of the defendant as a level three sex offender.
RIVERA, J.P., MALTESE, BARROS, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court