People v Powell (2020 NY Slip Op 06299)





People v Powell


2020 NY Slip Op 06299


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-13352

[*1]People of State of New York, respondent,
v
Howard Powell, appellant.


Janet E. Sabel, New York, NY (Denise Fabiano of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Michael J. Brennan, J.), dated October 25, 2017, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant pleaded guilty to rape in the second degree. Following a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court assessed the defendant 90 points, presumptively placing him within the range for a level two designation. On appeal, the defendant contends that the court, in determining his risk level, improperly assessed points under risk factors 7 and 11, and that the court erred in denying his request for a downward departure from the presumptive risk level.
Contrary to the defendant's contention, the People established, by clear and convincing evidence, that he was a "stranger" to the victim within the meaning of risk factor 7, thereby supporting the Supreme Court's assessment of 20 points under that risk factor (see People v Ramsey, 124 AD3d 472; People v Grassi, 123 AD3d 602; People v Tejada, 51 AD3d 472; cf. People v Helmer, 65 AD3d 68, 69). We agree with the court's assessment of 15 points under risk factor 11 (history of drug or alcohol abuse). The case summary revealed that "[a]t DOCCS reception [the defendant] reported a history of marijuana abuse," and that he was referred to a treatment program "designed specifically for sex offenders with chemical dependency issues." In addition, the defendant self-reported being under the influence of alcohol at the time of the offense (see People v Kunz, 150 AD3d 1696, 1697; People v Palacios, 137 AD3d 761, 762; cf. People v Trotter, 163 AD3d 729, 730).
We agree with the Supreme Court's determination denying the defendant's request for a downward departure. The support of the defendant's family was adequately taken into account under the Sex Offender Registration Act: Risk Assessment Guidelines and Commentary (2006) (see People v Felton, 175 AD3d 734, 735; People v Adams, 174 AD3d 828, 829-830). Further, while "a defendant's response to treatment may qualify as a ground for a downward departure where the response is exceptional" (People v Wallace, 144 AD3d 775, 776), here, the defendant failed to show by a preponderance of the evidence that his response to treatment, although positive, was exceptional [*2](see People v Diaz, 180 AD3d 817). The defendant otherwise failed to set forth any mitigating factors warranting a downward departure from his presumptive designation as a level two sex offender.
Accordingly, we agree with the Supreme Court's determination designating the defendant a level two sex offender.
DILLON, J.P., ROMAN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court