People v Pena-James (2020 NY Slip Op 07928)





People v Pena-James


2020 NY Slip Op 07928


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2019-11243

[*1]People of State of New York, respondent,
v
Yuleiny Pena-James, appellant.


Clare J. Degnan, White Plains, NY (Salvatore A. Gaetani of counsel; Bridget
McCarthy on the brief), for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Jill Oziemblewski and
William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Westchester County (Susan Cacace, J.), dated July 25, 2019, which, after a hearing, designated her a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In a proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C [hereinafter SORA]), a defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter SORA Guidelines]). If the defendant makes that twofold showing, the SORA court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
We agree with the Supreme Court's determination denying the defendant's application for a downward departure from her presumptive risk level. Contrary to the defendant's contention, she failed to prove by a preponderance of the evidence that her gender and prior victimization were appropriate mitigating factors that reduced her likelihood of recidivism (see People v Santiago, 137 AD3d 762; see also People v Wyatt, 89 AD3d at 128). Moreover, in denying the application, the court properly considered factors already addressed by the Guidelines and risk assessment factors, such as the defendant's status as an untreated sex offender (see People v Gillotti, 23 NY3d at 861). Finally, the court properly considered the defendant's abuse of a familial relationship and trust in denying the application (see e.g. People v Del Rosario, 170 AD3d 759, 759; People v Michaux, 157 AD3d 735, 736-737; People v Ziliox, 145 AD3d 925, 925).
Accordingly, we agree with the Supreme Court's determination designating the defendant a level two sex offender.
DILLON, J.P., CHAMBERS, AUSTIN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court