People v Jensen (2022 NY Slip Op 02441)

People v Jensen

2022 NY Slip Op 02441

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.

2020-05562

[*1]The People of the State of New York, respondent,
v
Gary G. Jensen, appellant. Thomas N. N. Angell, Poughkeepsie, NY (Steven Levine of counsel), for appellant.

William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten Rappleyea of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Dutchess County (Peter M. Forman, J.), dated May 29, 2020, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In December 2018, the defendant was convicted, upon his plea of guilty, of rape in the third degree. In February 2020, the People served notice pursuant to Correction Law § 168-d that they would be seeking a risk level two designation for the defendant in connection with his hearing pursuant to Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA). The People submitted a risk assessment instrument (hereinafter the RAI) in which the defendant was assessed a total risk factor score of 95, resulting in a presumptive risk level two designation. At a SORA hearing, the defendant contested the assessment of 20 points under risk factor 4 (continuing course of sexual misconduct) and 15 points under risk factor 11 (history of drug or alcohol abuse). He also sought a downward departure on the ground that the victim's lack of consent was due only to her inability to consent by virtue of her age.
After the hearing, the County Court, inter alia, assessed the defendant 95 points, including the points under risk factors 4 and 11, denied the defendant's request for a downward departure from the presumptive risk level, and designated him a level two sex offender. The defendant appeals.
In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing facts supporting the determination by clear and convincing evidence (see Correction Law § 168-n[3]; People v Pettigrew, 14 NY3d 406, 408; People v Vasquez, 189 AD3d 1480, 1481). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, and any relevant materials and evidence submitted by the parties, including reliable hearsay evidence, which may come from, among other documents, evaluative reports completed by the supervising probation officer, or case summaries prepared by the Board of Examiners of Sex Offenders [hereinafter the Board]" (People v Cepeda, 161 AD3d 904, 905 [citation and internal quotation marks omitted]; see People v Mingo, 12 NY3d 563, 573). As the risk level set forth in the RAI is merely presumptive, the assignment of a risk level is within the sound discretion of the SORA court (see People v Pettigrew, 14 NY3d at 409).
Contrary to the defendant's contention, the assessment of 20 points under risk factor 4 and 15 points under risk factor 11 was supported by clear and convincing evidence in the record, including the Board's case summary and the Probation Department's presentence report (see People [*2]v Lucius, 122 AD3d 819, 819; People v Price, 148 AD3d 847, 847).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Although a court may downwardly depart from the presumptive risk level "in an appropriate case and in those instances where (i) the victim's lack of consent is due only to inability to consent by virtue of age and (ii) scoring 25 points in this category results in an over-assessment of the offender's risk to public safety" (People v Quirindongo, 153 AD3d 863, 863 [internal quotation marks omitted]; see People v Anderson, 137 AD3d 988, 988), here, the County Court providently exercised its discretion in denying the defendant's request. Although the record indicates that the victim, who was almost 17 years old at the time of the incident, indicated that she would have had sex with the defendant if he had asked her, the 15-year age difference between the defendant and the victim, the fact that the defendant had sex with the victim even though he knew that, at that time, she was high on illegal drugs, and the defendant's prior domestic violence incidents with other women, militate against a downward departure (see People v Blount, 195 AD3d 956, 957; People v Sick, 186 AD3d 1733, 1734).
According, we affirm the County Court's designation of the defendant as a level two sex offender.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court