People v Boles (2022 NY Slip Op 05724)

People v Boles

2022 NY Slip Op 05724

Decided on October 12, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2021-02632

[*1]The People of the State of New York, respondent,
v
Dennis Boles, appellant. James D. Licata, New City, NY (Lois Cappelletti of counsel), for appellant.

Thomas E. Walsh II, District Attorney, New City, NY (Jacob B. Sher of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Rockland County (Kevin F. Russo, J.), dated March 9, 2021, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the County Court, after a hearing, designated the defendant a level two sex offender.
"In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing facts supporting the determination by clear and convincing evidence" (People v Jensen, 204 AD3d 846, 847; see People v Jarama, 178 AD3d 970, 971). "'In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, and any relevant materials and evidence submitted by the parties, including reliable hearsay evidence, which may come from, among other documents, evaluative reports completed by the supervising probation officer, or case summaries prepared by the Board of Examiners of Sex Offenders [hereinafter the Board]'" (People v Jensen, 204 AD3d at 847, quoting People v Cepeda, 161 AD3d 904, 905).
Here, the People established by clear and convincing evidence that 20 points should be assessed under risk factor 4 for continuing course of sexual misconduct. Contrary to the defendant's contention, the information contained in the case summary, which included the victim's statements made to North Dakota authorities, was reliable within the meaning of SORA (see People v Diaz, 34 NY3d 1179, 1181; People v Mingo, 12 NY3d 563, 573; People v Lyons, 199 AD3d 722; People v Brown, 194 AD3d 861, 862; People v Maldonado, 147 AD3d 798, 799; People v Thompson, 111 AD3d 613).
Accordingly, the County Court properly designated the defendant a level two sex offender.
DUFFY, J.P., MILLER, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court