People v Thompson (2022 NY Slip Op 06022)

People v Thompson

2022 NY Slip Op 06022

Decided on October 26, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2021-06120

[*1]The People of the State of New York, respondent,
v
Mary Thompson, appellant. 

Law Offices of Michael Pollok, PLLC, Red Hook, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Robert H. Middlemiss of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Orange County (William L. DeProspo, J.), dated August 19, 2021, which, after a hearing, designated her a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the County Court assessed the defendant 75 points on the risk assessment instrument, denied her application for a downward departure from her presumptive risk level, and designated her a level two sex offender. The defendant appeals.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Although a court may downwardly depart from the presumptive risk level "in an appropriate case and in those instances where (i) the victim's lack of consent is due only to inability to consent by virtue of age and (ii) scoring 25 points in this category results in an over-assessment of the offender's risk to public safety" (People v Quirindongo, 153 AD3d 863, 863 [internal quotation marks omitted]; see People v Anderson, 137 AD3d 988, 988), here, the County Court providently exercised its discretion in denying the defendant's application. A downward departure is not warranted on this ground considering the age disparity between the then 45-year-old defendant and the then 16-year-old victim (see People v Romulus, 189 AD3d 553, 555; People v Sick, 186 AD3d 1733, 1734).
Contrary to the defendant's contention, the alleged support provided by the defendant's family is adequately taken into account by the Guidelines' consideration of living arrangements (see People v Taylor, 199 AD3d 845; People v Powell, 188 AD3d 734, 735). Moreover, the defendant failed to demonstrate how her family support established a lower likelihood of reoffense or danger to the community (see People v Roelofsen, 195 AD3d 962, 963; People v Fuhrtz, 180 AD3d 944, 947).
The defendant also asserts that she was entitled to a downward departure based on her age. Although "advanced age" may constitute a basis for a downward departure (Guidelines at 5), the defendant failed to demonstrate that her age at the time of the SORA hearing on June 10, 2021, 49 years old, constituted an appropriate mitigating factor and minimized her risk of reoffense (see People v Mitchell, 196 AD3d 516, 518; People v Lewis, 188 AD3d 731, 732). Moreover, the research studies relied upon by the defendant failed to demonstrate by a preponderance of the evidence that her age constituted a basis for a downward departure (see People v Rivas, 185 AD3d 740; People v Mitchell, 178 AD3d 865, 866).
Further, although a response to treatment may qualify as a ground for a downward departure where the response is "exceptional" (Guidelines at 17; see People v Lazzari, 169 AD3d 837, 838; People v Washington, 84 AD3d 910, 911), the defendant failed to establish the facts in support of that ground by a preponderance of the evidence (see People v Mitchell, 196 AD3d 516; People v Lopez, 193 AD3d 992, 992-993; People v Lazzari, 169 AD3d 837).
Contrary to the defendant's further contentions, she failed to prove by a preponderance of the evidence that her gender was an appropriate mitigating factor that reduced her likelihood of recidivism (see People v Pena-James, 189 AD3d 1476, 1477; People v Dipilato, 155 AD3d 792, 792), and her scores on the Static-99R, a risk assessment tool different from New York's risk assessment instrument, "does not, by itself, constitute a mitigating factor justifying a downward departure from the presumptive risk level" (People v Desnoyers, 180 AD3d 1080, 1081; see People v Del-Carmen, 186 AD3d 878). Moreover, "the defendant did not identify any specific, unique risk factor on the Static-99 that would serve as a mitigating factor in this case" (People v Vega, 189 AD3d 1288, 1289; see People v Curry, 158 AD3d 52, 58).
Accordingly, the County Court properly denied the defendant's application for a downward departure and designated her a level two sex offender.
CONNOLLY, J.P., MILLER, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court