People v Escobar (2022 NY Slip Op 06504)

People v Escobar

2022 NY Slip Op 06504

Decided on November 16, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2021-06331

[*1]The People of the State of New York, respondent, 
v
Antonio Escobar, appellant. 

Laurette D. Mulry, Riverhead, NY (Amanda E. Schaefer of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Marion Tang and Glenn Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Suffolk County (Chris Ann Kelley, J.), dated August 4, 2021, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
On June 28, 2004, the defendant perpetrated crimes against two complainants. The defendant, armed with a box cutter, entered the home of the first complainant while she was sleeping and fondled her breasts. When the first complainant resisted, the defendant slashed her on both of her hands with the box cutter. The defendant then fled the first complainant's home and went to the home of the second complainant, who was sleeping inside. The defendant, displaying the box cutter, sexually assaulted the second complainant and threatened to kill her and her three-year-old child if she did not comply. The defendant left the residence after the attack and was apprehended by the police shortly thereafter.
The defendant was subsequently convicted, upon his plea of guilty, of rape in the first degree, sexual abuse in the first degree (three counts), burglary in the first degree, and burglary in the second degree, and sentenced to a term of imprisonment. Prior to the defendant's release from prison, the Supreme Court conducted a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA). Following the hearing, the court assessed the defendant 125 points, rendering him a presumptive level three sex offender. In addition, the court determined, in the alternative, that an upward departure to a level three designation was warranted. By order dated August 4, 2021, the court designated the defendant a level three sex offender. The defendant appeals.
In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing facts supporting the determination by clear and convincing evidence (see Correction Law § 168-n[3]; People v Jensen, 204 AD3d 846, 847). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders, or any other reliable source, including reliable hearsay" (People v Crandall, 90 AD3d 628, 629; see People v Vasquez, 189 AD3d 1480, 1481). Here, the Supreme Court properly assessed the defendant 20 points under risk factor 7. The People [*2]established, by clear and convincing evidence, that the complainants were strangers to the defendant within the meaning of that risk factor (see People v Serrano, 61 AD3d 946, 947; cf. People v McGraw, 24 AD3d 525, 526).
The Supreme Court also properly determined, in the alternative, that an upward departure to a level three designation was warranted. The People demonstrated, by clear and convincing evidence, that there were aggravating factors not adequately taken into account by the SORA guidelines, including the brutal and severe nature of the defendant's conduct (see People v Shim, 139 AD3d 68, 76; People v Maldonado, 127 AD3d 714, 715; People v Kotler, 123 AD3d 992, 993; People v Simmons, 121 AD3d 465, 466; People v Guasp, 95 AD3d 608, 608; People v Henry, 91 AD3d 927, 927; People v Miller, 48 AD3d 774, 775). Further, the court providently exercised its discretion in determining that the totality of the circumstances warranted an upward departure to avoid an underassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Rodriguez, 202 AD3d 1114, 1115).
Accordingly, the defendant was properly designated a level three sex offender.
DUFFY, J.P., MILLER, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court