People v Harris (2023 NY Slip Op 01539)

People v Harris

2023 NY Slip Op 01539

Decided on March 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2022-01141

[*1]The People of the State of New York, respondent,
v
Joseph Harris, appellant. 

Laurette D. Mulry, Riverhead, NY (Amanda E. Schaefer of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Kim Marie Carson and Marion Tang of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Suffolk County (Karen M. Wilutis J.), dated February 28, 2022, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In May 2019, the defendant was convicted, upon his plea of guilty, of attempted rape in the second degree. In February 2022, the Supreme Court conducted a hearing pursuant to the Sex Offender Registration Act (Correction Law article 6-C), determined that the defendant was presumptively a level two sex offender, and denied the defendant's application for a downward departure. The defendant appeals.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
The defendant contends that the victim's lack of consent was due only to inability to consent by virtue of age. A court may downwardly depart from the presumptive risk level "in an appropriate case and in those instances where (i) the victim's lack of consent is due only to inability to consent by virtue of age and (ii) scoring 25 points [under risk factor 2] results in an over-assessment of the offender's risk to public safety" (People v Quirindongo, 153 AD3d 863, 863 [internal quotation marks omitted]; see People v Jensen, 204 AD3d 846, 847-848). Here, however, the defendant failed to meet his burden of establishing by a preponderance of the evidence that the victim's lack of consent was due only to inability to consent by virtue of age and that the points assessed under risk factor 2 resulted in an overassessment of his risk to public safety (see People v [*2]Lehmann, 171 AD3d 957, 958; People v Bowden, 88 AD3d 972, 973).
Accordingly, the Supreme Court properly denied the defendant's application for a downward departure and designated him a level two sex offender.
IANNACCI, J.P., RIVERA, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court