People v Saul (2023 NY Slip Op 05277)

People v Saul

2023 NY Slip Op 05277

Decided on October 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
HELEN VOUTSINAS
JANICE A. TAYLOR, JJ.

2022-02297

[*1]People of State of New York, respondent, 
v
Cyril Saul, appellant.

Twyla Carter, New York, NY (Alyssa Gamliel of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Shlomit Heering of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), dated March 18, 2022, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court, after a hearing, assessed the defendant 85 points on the risk assessment instrument, denied his application for a downward departure from his presumptive risk level, and designated him a level two sex offender. The defendant appeals.
On appeal, the defendant, who was convicted, upon his plea of guilty, of one count of rape in the second degree (Penal Law § 130.30[1]), challenges the assessment of 20 points under risk factor 7 (relationship with victim). He also argues that the Supreme Court should have granted his application for a downward departure.
In establishing an offender's appropriate risk level under SORA, the People "bear the burden of proving the facts supporting the determinations sought by clear and convincing evidence" (Correction Law § 168-n[3]). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . or any other reliable source, including reliable hearsay" (People v Crandall, 90 AD3d 628, 629; see People v Mingo, 12 NY3d 563, 573; People v Brown, 194 AD3d 861, 862). Contrary to the defendant's contention, the People established, by clear and convincing evidence, that he was a "stranger" to the victims within the meaning of risk factor 7, thereby supporting the Supreme Court's assessment of 20 points under that risk factor (see People v Powell, 188 AD3d 734, 734; People v Ramsey, 124 AD3d 472; People v Grassi, 123 AD3d 602; People v Tejada, 51 AD3d 472).
"A defendant seeking a downward departure from the presumptive risk level has the initial burden of '(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the . . . [SORA] Guidelines; [*2]and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Umanzor, 189 AD3d 1479, 1480, quoting People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). "If the defendant makes that twofold showing, the SORA court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism" (People v Brocato, 188 AD3d 728, 728-729; see People v Gillotti, 23 NY3d at 861).
Although a court may choose to depart downward from the presumptive risk level "in an appropriate case and in those instances where (i) the victim's lack of consent is due only to inability to consent by virtue of age and (ii) scoring 25 points in this category results in an over-assessment of the offender's risk to public safety" (People v Quirindongo, 153 AD3d 863, 863 [internal quotation marks omitted]; see People v Anderson, 137 AD3d 988, 988), here, the Supreme Court providently exercised its discretion in denying the defendant's application. A downward departure is not warranted considering, among other things, the age disparity between the then 30-year-old defendant and the then 13-year-old and 14-year-old victims (see People v Permenter, 208 AD3d 905; People v Blount, 195 AD3d 956; People v Lin, 188 AD3d 1109; People v Dadd, 170 AD3d 898). Furthermore, the alleged additional mitigating factors identified by the defendant either were adequately taken into account by the Guidelines (see People v Gillotti, 23 NY3d at 861; People v Permenter, 208 AD3d 905, 907; People v Young, 186 AD3d 1546, 1548), or did not warrant a downward departure (see People v Burrowes, 177 AD3d at 1007; People v Saintilus, 169 AD3d 838, 839).
Accordingly, the Supreme Court properly designated the defendant a level two sex offender.
IANNACCI, J.P., GENOVESI, VOUTSINAS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court