People v Perez (2025 NY Slip Op 05267)

People v Perez

2025 NY Slip Op 05267

Decided on October 1, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LOURDES M. VENTURA
PHILLIP HOM, JJ.

2024-02692

[*1]People of the State of New York, respondent,
v
Feliciano Perez, appellant.

Patricia Pazner, New York, NY (Anna V. Boksenbaum of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Simcha Engelen of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), entered March 15, 2024, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of course of sexual conduct against a child in the first degree. After a hearing pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), the Supreme Court assessed the defendant a total of 110 points on the risk assessment instrument, denied the defendant's application for a downward departure from the presumptive risk level, and designated the defendant a level three sex offender. The defendant appeals.
"'A defendant seeking a downward departure from the presumptive risk level has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the . . . Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Coleman, 225 AD3d 792, 794 [internal quotation marks omitted], quoting People v Downes, 216 AD3d 1183, 1183-1184; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [hereinafter Guidelines] at 4 [2006]; People v Gillotti, 23 NY3d 841, 860). "'If the defendant makes that twofold showing, the SORA court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism'" (People v Coleman, 225 AD3d at 794 [internal quotation marks omitted], quoting People v Downes, 216 AD3d at 1184; see People v Gillotti, 23 NY3d at 861).
Here, most of the alleged mitigating factors identified by the defendant, including his expression of remorse, acceptance of responsibility, and rehabilitation, as evidenced by his completion of sex offender treatment, vocational training, and employment while incarcerated, were adequately taken into account by the Guidelines (see Guidelines at 4; People v Laskaris, 231 AD3d 1173, 1174; People v Smith, 194 AD3d 767, 768; People v Rocano-Quintuna, 149 AD3d 1114, 1115). While "a defendant's response to [sex offender] treatment may qualify as a ground for a downward departure where the response is exceptional" (People v Abdullah, 210 AD3d 704, 706 [internal quotation marks omitted]), here, the defendant failed to establish that his response to such [*2]treatment was exceptional (see People v Quezada, 230 AD3d 1360, 1361).
Further, the fact that the total points assessed fell on the low end of the range for a risk level three designation does not warrant a downward departure (see People v Rucano, 213 AD3d 709, 711; People v Saunders, 209 AD3d 776, 778).
Although "advanced age" may constitute a basis for a downward departure (Guidelines at 5), the defendant failed to demonstrate that his age at the time of the SORA hearing, 46 years old, constituted an appropriate mitigating factor that minimized his risk of reoffense (see People v Coleman, 225 AD3d at 794-795; People v Thompson, 209 AD3d 1049, 1050). Additionally, the research studies cited to by the defendant failed to demonstrate by a preponderance of the evidence that his age constituted a basis for a downward departure (see People v Thompson, 209 AD3d at 1050).
Moreover, while "[a]n offender's rehabilitation as evidenced by the totality of the record may, under some circumstances, constitute a proper mitigating factor for a downward departure," the defendant did not prove by a preponderance of the evidence the facts in support of this alleged mitigating factor (People v Santogual, 157 AD3d 737, 738; see People v Skipper, 235 AD3d 671, 672).
Accordingly, the Supreme Court properly denied the defendant's application for a downward departure and designated him a level three sex offender.
IANNACCI, J.P., CHRISTOPHER, VENTURA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court