People v Brown (2025 NY Slip Op 05265)

People v Brown

2025 NY Slip Op 05265

Decided on October 1, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
HELEN VOUTSINAS
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2024-03579

[*1]People of the State of New York, respondent,
v
Donald Brown, appellant.

Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Karla Lato of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated May 2, 2024, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
On September 3, 1998, the defendant unlawfully entered into the victim's home, tied her up, threatened to kill her, and sexually and physically assaulted her over a period of approximately two hours. As a result of the assault, the victim allegedly suffered a fractured wrist, and bruising or bleeding to her ear, breast, buttocks, thigh, and face.
On April 5, 1999, the defendant pleaded guilty, inter alia, to rape in the first degree. On February 16, 2024, in anticipation of the defendant's release from prison, the Board of Examiners of Sex Offenders (hereinafter the Board) prepared a risk assessment instrument pursuant to the Sex Offender Registration Act (Correction Law art 6-C). The Board assessed the defendant a total of 80 points on the risk assessment instrument and recommended that the defendant be classified as a level two sex offender in conformity with his presumptive risk level pursuant to the Sex Offender Registration Act: Risk Assessment Guidelines and Commentary (2006) (hereinafter Guidelines). The People requested an upward departure from the presumptive risk level, and the defendant requested a downward departure. After a hearing, the County Court granted the People's application for an upward departure, denied the defendant's application for a downward departure, and designated the defendant a level three sex offender. The defendant appeals.
The People proved, by clear and convincing evidence, that an aggravating factor of a kind and to a degree not adequately taken into account by the Guidelines existed in this case (see People v Fitzpatrick, 237 AD3d 759, 760), namely, the brutal and severe nature of the defendant's conduct (see People v Escobar, 210 AD3d 914, 916; People v Shim, 139 AD3d 68, 76). Further, the County Court providently exercised its discretion in determining that the totality of the circumstances warranted an upward departure to avoid an underassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Fitzpatrick, 237 AD3d at 760).
Moreover, the County Court properly denied the defendant's application for a downward departure (see People v Magnetic, 231 AD3d 875, 875-876).
Accordingly, the defendant was properly designated a level three sex offender.
CONNOLLY, J.P., VOUTSINAS, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court