People v Perez (2025 NY Slip Op 06200)

People v Perez

2025 NY Slip Op 06200

Decided on November 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2023-00179

[*1]The People of the State of New York, respondent, 
v
Alberto Perez, appellant. 

Patricia Pazner, New York, NY (Tara Kumar of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), entered December 9, 2022, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), the Supreme Court assessed the defendant 95 points on the risk assessment instrument, denied the defendant's application for a downward departure from his presumptive risk level, and designated the defendant a level two sex offender. The defendant appeals.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; People v Gillotti, 23 NY3d 841, 861). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Khan, 182 AD3d 613, 614; see People v Gillotti, 23 NY3d at 861).
Contrary to the defendant's contention, the Supreme Court properly denied his application for a downward departure. Most of the alleged mitigating factors identified by the defendant, including his expression of remorse and acceptance of responsibility, his completion of rehabilitation and vocational programs, his positive disciplinary record while incarcerated, and his criminal history, were adequately taken into account by the Guidelines (see People v Gonzalez, 238 AD3d 914, 915; People v Abdullah, 210 AD3d 704, 706). While "[a]n offender's response to treatment, if exceptional, can form the basis for a downward departure" (People v Jimenez, 178 AD3d 1099, 1100), the defendant failed to establish by a preponderance of the evidence that his response to treatment was exceptional (see People v Davidson, 232 AD3d 913, 914; People v Smith, 194 AD3d 767, 768).
In addition, although advanced age may constitute a basis for a downward departure, the defendant failed to establish how his age at the time of the SORA determination, 43 years old, constituted an appropriate mitigating factor and minimized his risk of reoffense (see People v Pareja-Hidalgo, 222 AD3d 892, 894; People v Thompson, 209 AD3d 1049, 1050). Moreover, the studies relied upon by the defendant failed to demonstrate by a preponderance of the evidence that his age constituted a basis for a downward departure (see People v Thompson, 209 AD3d at 1050; People v Rivas, 185 AD3d 740, 741).
Further, the defendant's score on the Static-99R risk assessment instrument does not, standing alone, qualify as an appropriate mitigating factor (see People v Modesto, 233 AD3d 954, 955; People v Curry, 158 AD3d 52, 60). Moreover, the defendant "did not identify any specific, unique risk factor on the Static-99 that would serve as a mitigating factor in this case" (People v Vega, 189 AD3d 1288, 1289).
Accordingly, the Supreme Court properly designated the defendant a level two sex offender.
MILLER, J.P., WOOTEN, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court