People v Barrington

2026 NY Slip Op 50701(U)

April 30, 2026

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Crimes—Sex Offenders--Sex Offender Registration Act--Downward Departure

The People of the State of New York, Respondent,

v

Antoine J. Barrington, Appellant.

Supreme Court, Appellate Term, Second Department, 9th And 10th Judicial Districts

Decided on April 30, 2026

2023-650 D C

Present: : Gretchen Walsh, J.P., Joseph R. Conway, Maria S. Vazquez-Doles, JJ

Dutchess County Public Defender (Jennifer Burton of counsel), for appellant.

Dutchess County District Attorney (Kirsten A. Rappleyea of counsel), for respondent.

Appeal from an order of the Justice Court of the Town of Poughkeepsie, Dutchess County (Paul O. Sullivan, J.), dated March 28, 2023. The order, after a hearing, designated defendant a level three sex offender pursuant to Correction Law article 6-C.

[*1]

ORDERED that the order is affirmed, without costs.

In the underlying criminal action, defendant was convicted, upon his plea of guilty, of sexual misconduct (Penal Law § 130.20). Following a hearing to designate defendant's risk level pursuant to the Sex Offender Registration Act (Correction Law art 6-C [hereinafter SORA]), by order dated March 28, 2023, the Justice Court (Paul O. Sullivan, J.) adopted the 110 points assessed to defendant on the risk assessment instrument (RAI) (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3-4 [2006] [hereinafter Guidelines]), denied his request for a downward departure from his presumptive level three sex offender risk designation, and designated him a level three sex offender. On appeal, defendant challenges the assessment of points under the second and fifth risk factors, and the denial of his application for a downward departure.

The record demonstrates that, prior to the hearing, the parties had agreed that defendant was not contesting the points assessed in the RAI. Consequently, as defendant raises challenges to the [*2]points assessed under the second and fifth risk factors for the first time on appeal, these challenges are not properly before this court (see People v Arocho, 82 AD3d 429 [2011]; People v Joe, 74 AD3d 404 [2010]; People v Bevel, 81 Misc 3d 127[A], 2023 NY Slip Op 51231[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2023]), and we decline to review them in the interest of justice.

A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128 [2011]; see People v Anthony, 40 NY3d 976, 978 [2023]; People v Gillotti, 23 NY3d 841, 861 [2014]; People v Santos, 235 AD3d 788 [2025]; Guidelines at 4). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see Anthony, 40 NY3d at 978; Gillotti, 23 NY3d at 861; People v Rodriguez, 184 AD3d 588 [2020]; People v Champagne, 140 AD3d 719 [2016]).

We find that a downward departure is not warranted in this matter considering the 22-year age disparity between defendant and the victim, who was less than 17 years old at the time of the sexual contact (see People v Pipkin, 230 AD3d 704 [2024]; People v Zubradt, 224 AD3d 856 [2024]; People v Saul, 220 AD3d 892 [2023]; People v Thompson, 209 AD3d 1049 [2022]), and because defendant had a prior conviction for sexual misconduct and was already designated a level one sex offender (see People v Jensen, 204 AD3d 846 [2022]). Furthermore, the alleged additional mitigating factors identified by defendant either were adequately taken into account by the Guidelines (see Pipkin, 230 AD3d at 705; Zubradt, 224 AD3d 856; Saul, 220 AD3d 892; People v Boutin, 172 AD3d 1253, 1255 [2019]), or did not warrant a downward departure (see Santos, 235 AD3d 788; Pipkin, 230 AD3d 704; Saul, 220 AD3d 892; People v Anderson, 137 AD3d 988 [2016]). Thus, the Justice Court did not improvidently exercise its discretion in declining to grant defendant a downward departure (see Pipkin, 230 AD3d 704; Saul, 220 AD3d 892; Thompson, 209 AD3d 1049; Jensen, 204 AD3d 846).

Accordingly, the order is affirmed.

WALSH, J.P., CONWAY and VAZQUEZ-DOLES, JJ., concur.

ENTER:

Jennifer Chan

Chief Clerk

Decision Date: April 30, 2026